# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ROBERT J. MACLEAN,

        Appellant,

    v.

DEPARTMENT OF HOMELAND
    SECURITY,

        Agency.

DOCKET NUMBER
DC-1221-20-0235-W-2

DATE:  November 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David A. Karman, Esquire, Gary M. Gilbert, Esquire, and
  Kevin L. Owen, Esquire, Silver Spring, Maryland, for the appellant.

Thomas Devine, Esquire, Washington, D.C., for the appellant.

Agatha Swick, Esquire, and Steven Lewengrub, Esquire, Atlanta, Georgia,
  for the agency.

Daniel Collado, White Plains, New York, for the agency.

Kelleen O'Fallon, Philadelphia, Pennsylvania, for the agency.

Michael W. Gaches, Esquire, and Christina Bui, Esquire,
  Springfield, Virginia, for the agency.

Sarah I. Grafton, Esquire, Arlington, Virginia, for the agency.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

F. Douglas Hartnett, Esquire, Washington, D.C., for amicus curiae, Government Accountability Project.

Ned Miltenberg, Bethesda, Maryland, for amicus curiae, Government Accountability Project.

Paula Dinerstein, Silver Spring, Maryland, for amicus curiae, Public Employees for Environmental Responsibility.

Scott Amey, Washington, D.C., for amicus curiae, Project on Government Oversight.

Frederic Whitehurst, Esquire, Bethel, North Carolina, for amicus curiae, Flyers Rights.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.[2]

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting

---

[2] The agency filed a motion seeking Member Kerner's recusal based on his involvement in the appellant's case while he was the Special Counsel.  Petition for Review File, Tab 29.  Because Member Kerner has recused himself, the agency's motion is moot.

error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the administrative judge's finding that the Board lacks jurisdiction over one of the appellant's purported disclosures, and we VACATE her alternative finding regarding that disclosure. We MODIFY the initial decision to FIND that the third factor enumerated in *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999) (the *Carr* factors), does not weigh in the agency's favor and otherwise AFFIRM the administrative judge's conclusion that the agency proved by clear and convincing evidence that it would have taken the same personnel actions in the absence of the appellant's protected whistleblowing. We AFFIRM the denial of corrective action in this IRA appeal.

¶2    To start, we address the appellant's August 13, 2024 motion to add purported new evidence to the record, filed approximately 15 months after his petition for review. *MacLean v. Department of Homeland Security*, MSPB Docket No. DC-1221-20-0235-W-2, Petition for Review (PFR) File, Tab 23. The agency has opposed his motion. PFR File, Tabs 26, 32. The appellant asserts in his motion that, "after the issuance of the initial decision," he learned of facts that led him to reasonably question the impartiality of the administrative judge. PFR File, Tab 23 at 4, 6; *see* 28 U.S.C. § 455(a). Pursuant to the Board's regulations at 5 C.F.R. § 1201.114(a), (k), once the record closes on review, no new evidence will be accepted unless it is new and material, as defined by 5 C.F.R. § 1201.115(d), and the party submitting it shows that the evidence was not readily available before the record closed. However, the appellant has been asserting the same or similar facts regarding the impartiality of the administrative judge, based on her employment with the Department of Homeland Security (DHS)

approximately 20 years ago, in another appeal pending before the Board since as early as April 2023, before the record on petition for review closed. *MacLean v. Department of Homeland Security*, MSPB Docket No. DC-1221-22-0590-W-3, Appeal File (0590 W-3 AF), Tabs 3, 14. The appellant has not explained why he did not include this argument or evidence in his petition for review. We therefore deny the appellant's motion and all related motions. PFR File, Tabs 23, 26, 28.

¶3      Notwithstanding the Board's denial of the appellant's August 13 motion, we acknowledge that similar arguments about the administrative judge were made by amici in this case. PFR File, Tab 17 at 19-21, Tab 18 at 9-11. Although an amicus is not a party to the proceeding, 5 C.F.R. § 1201.34(e)(5), we exercise our discretion to address these arguments. The amici state, without evidentiary support, that the administrative judge was a "Deputy Chief" with DHS's "[Federal Air Marshal Services] headquarters" between 2003 and 2005. PFR File, Tab 17 at 19, Tab 18 at 9. One amici states, without citation, that the administrative judge's former office recommended proposing the appellant's removal in 2005. PFR File, Tab 18 at 9. The agency has responded to the amicus briefs, disputing the administrative judge's former job title and asserting that there is no evidence that the administrative judge ever worked for the component of DHS that employed the appellant,[3] the Transportation Security Agency, knew any of the witnesses in this litigation, or represented a party in any litigation against the appellant.[4] PFR File, Tab 20 at 14 & n.2, 15. In the absence of any evidence that the administrative judge was involved in any prior litigation involving the appellant, much less the personnel actions at issue in this appeal, which occurred in or after 2016, we find that her employment with the agency approximately 20 years ago would not cause a reasonable person to question her impartiality.

---

[3] DHS employs over 260,000 employees. Department of Homeland Security, About DHS, https://www.dhs.gov/about-dhs (last visited Nov. 12, 2024).

[4] Amici's assertion that the administrative judge was involved in the litigation concerning the appellant's 2006 removal while previously employed in another capacity at the Board is similarly without evidentiary support. PFR File, Tab 17 at 20.

*See* 28 U.S.C. § 445(a), (b)(3) (explaining that a presiding official should disqualify herself, among other things, when she has served in Government employment and, in such capacity, participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case or controversy).

¶4    We next address another motion filed by the appellant on August 29, 2024, wherein he seeks to add purported new evidence to the record. PFR File, Tab 30. The agency has opposed the appellant's motion. PFR File, Tab 32. Like the August 13 motion, the appellant's August 29 motion fails to identify the date he learned of the purported new evidence, stating only that he learned of it "after the conclusion of the hearing in his matter." *Id.* at 4. The motion therefore fails to meet the Board's regulations set forth at 5 C.F.R. §§ 1201.114-1201.115, which requires the appellant to show that the evidence was unavailable before the record closed on petition for review. Accordingly, we deny the motion.

¶5    We next turn to the appellant's assertions on review. He contends that the administrative judge erred in the following ways: (1) finding that the Board lacks jurisdiction over one of his purported protected disclosures; (2) finding that the investigation into the appellant was not a personnel action under 5 U.S.C. § 2302(a) and failing to properly consider evidence that the investigation was pretext for retaliation; (3) finding that the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his protected whistleblowing; (4) denying the appellant's motion to compel discovery and his request to depose a witness; (5) denying the appellant's request for a rebuttal witness to testify at the hearing; and (6) denying the appellant's request for written closing briefs after the hearing.

¶6    First, we agree with the administrative judge that the Board lacks jurisdiction over the appellant's purported disclosure made in a July 2, 2017 Facebook post. *MacLean v. Department of Homeland Security*, MSPB Docket No. DC-1221-20-0235-W-1, Initial Appeal File (IAF), Tab 29, Subtab 4f at 283,

Tab 31 at 12-13; *MacLean v. Department of Homeland Security*, MSPB Docket No. DC-1221-20-0235-W-2, Appeal File (W-2 AF), Tab 102, Redacted Initial Decision (ID) at 78.  The appellant has not made a nonfrivolous allegation that his Facebook post disclosed information that he reasonably believed evidenced any category of wrongdoing covered by 5 U.S.C. § 2302(b)(8).[5]  Contrary to the appellant's later characterization of the communication as disclosing a quid pro quo relationship, PFR File, Tab 7 at 54-58, we find that nothing in the text of the post or the emojis that follow reference, either explicitly or implicitly, a quid pro quo relationship, IAF, Tab 29, Subtab 4f at 283.  The appellant asserts on review that the administrative judge erred in finding that the purported disclosure does not qualify for protection because it was based on unreliable rumors.  PFR File, Tab 7 at 58.  To the extent the administrative judge held that the appellant did not have a reasonable belief that the subject of the Facebook post engaged in sexual conduct and received a quid pro quo benefit of employment because it was unsupported by anything more than rumors and innuendo, ID at 77, we vacate that finding.  The appellant may have had a reasonable belief concerning such an allegation.  However, the post did not disclose information that a disinterested observer could reasonably conclude evidenced such a relationship or type of wrongdoing covered by 5 U.S.C. § 2302(b)(8), and it is therefore not protected. *See Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 6 (stating that the proper test for determining whether an employee had a reasonable belief that his disclosures revealed one of the categories of wrongdoing listed under 5 U.S.C. § 2302(b)(8) is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that he disclosed information evidencing such wrongdoing).

¶7        Concerning this disclosure, the appellant's other arguments on review challenge an alternative finding by the administrative judge that, even if a

---

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s); *see also Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).

disclosure of information is protected, an employee's inappropriate conduct surrounding such a disclosure is not. ID at 78-79. For this proposition, she discussed *Greenspan v. Department of Veterans Affairs*, 464 F.3d 1297, 1305 (Fed. Cir. 2006). In *Greenspan*, the U.S. Court of Appeals for the Federal Circuit analyzed whether the agency proved by clear and convincing evidence that it would have taken the same personnel action in the absence of protected whistleblowing. *Id.* Because we find that the appellant did not make a nonfrivolous allegation that he made a protected disclosure, we need not determine whether the agency proved by clear and convincing evidence that it would have taken the same personnel action in the absence of protected whistleblowing, and we therefore vacate any such alternative finding. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (vacating an administrative judge's alternative finding that an agency proved by clear and convincing evidence that it would have taken the same personnel action in the absence of any protected disclosure when the appellant failed to prove her prima facie case of whistleblower reprisal), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Other than the arguments discussed here, the appellant has made no other challenges to the administrative judge's jurisdictional findings.[6]

¶8      Second, we address the appellant's arguments on review regarding the purported retaliatory investigation. PFR File, Tab 7 at 23-26. The appellant asserts that the administrative judge erred by concluding that the investigation referral was not retaliatory. *Id.* at 23. We have construed his argument two ways: (1) as a challenge to the administrative judge's conclusion that the investigation was not a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii), and (2) as an argument that the administrative judge failed to properly consider that the

---

[6] One of the amicus briefs in this appeal challenges another of the administrative judge's jurisdictional findings concerning the alleged concealment of a crime. PFR File, Tab 17 at 11-14. Because an amicus is not a party to a proceeding, 5 C.F.R. § 1201.34(e)(5), and the appellant, who is represented by counsel, has chosen not to pursue this argument on review, the Board declines to disturb this jurisdictional finding, IAF, Tab 31 at 18-19.

investigation could have been pretext for retaliation under the precedent set forth in *Russell v. Department of Justice*, 76 M.S.P.R. 317 (1997).

¶9        An investigation into an allegation of misconduct is not a personnel action per se. *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 10; *see Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020).[7]   Rather, agency investigations come within the definition of a personnel action only if they result in a significant change in job duties, responsibilities, or working conditions or have effects that otherwise fit within one of the items listed under the definition of a personnel action found at 5 U.S.C. § 2302(a)(2)(A). *Spivey*, 2022 MSPB 24, ¶ 10 (quotations omitted).   We agree with the administrative judge that the appellant did not prove that the investigation impacted his duties, responsibilities, or working conditions under 5 U.S.C. § 2302(a)(2)(xii), ID at 109-13, and he has provided no basis to disturb this finding on review. Because the appellant did not prove that the investigation was a personnel action, we disagree with his suggestion on review that the administrative judge should have made a finding on contributing factor or considered the *Carr* factors with respect to the investigation. PFR File, Tab 7 at 23-26.

¶10        We next consider the appellant's assertions concerning irregularities in the investigation, which we construe as a claim that the investigation was tainted with retaliatory animus. *Id.* at 26-32.  In *Russell*, 76 M.S.P.R. at 328, the Board found that the individuals who reported the appellant's misconduct—his managers against whom he had made protected disclosures—may have used the misconduct investigation as a means of furthering a retaliatory end.  In other words, the investigation was pretext for retaliation.  *Russell*, 76 M.S.P.R. at 328.  To the extent that the appellant argues that the Board should overturn the agency's

---

[7] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit.  However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases before any court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B).  Therefore, we must consider the issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

removal action because the improper conduct, for which he was investigated and eventually removed, would not have come to the attention of the agency but for J.L., who had an improper motive in reporting his conduct, we find his arguments unavailing. PFR File, Tab 7 at 25-26 & n.6. The appellant has not alleged that J.L. was the subject of his protected whistleblowing, nor was she an agency official responsible for recommending discipline. ID at 15 (identifying J.L. as the appellant's peer and explaining that she was implicated in one of the appellant's disclosures over which the administrative judge did not find jurisdiction). Under these circumstances, we need not consider, as the Board did in *Russell*, whether the investigation was tainted with retaliatory animus, nor must we consider the retaliatory motive of J.L. *See Carr*, 185 F.3d at 1326 (declining to consider the alleged retaliatory motive of the employees who complained about the petitioner's misconduct because they were not agency officials responsible for recommending discipline); *cf. Mangano v. Department of Veterans Affairs*, 109 M.S.P.R. 658, ¶ 33 (2008) ("Because Dr. Cason was involved in the agency's decision to terminate the appellant and was the subject of the appellant's whistleblowing, the appellant was entitled to explore the strength of any motive Dr. Cason might have had to retaliate against the appellant for his whistleblowing."). In any event, the administrative judge did not ignore the appellant's arguments concerning purported irregularities in the investigation. Despite the appellant's challenges on review, PFR File, Tab 7 at 26-32, we find no reason to disturb the administrative judge's well-reasoned factual finding that the investigation was not unreliable for the reasons alleged by the appellant, ID at 47-54, 145-51.

¶11      Third, we consider the appellant's arguments concerning the administrative judge's weighing of the *Carr* factors. Because the appellant has limited these arguments to his removal claim only, we do not discuss her *Carr* factor analysis regarding the other personnel actions, and we affirm her findings that the agency proved by clear and convincing evidence that it would have taken those actions in

the absence of the appellant's protected whistleblowing. ID at 116-44. As set forth below, we supplement the administrative judge's findings regarding *Carr* factor 1, vacate her finding regarding *Carr* factor 3, and agree with her conclusion that the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his protected whistleblowing.

¶12        We agree with the administrative judge that *Carr* factor 1 weighs strongly in favor of the agency because it has presented robust evidence concerning the three charges supporting removal. ID at 173-209. We reject the appellant's assertion on review that the communications comprising specifications 1 and 2 of charge 1, inappropriate comments, were not inappropriate because they did not identify an agency employee by name. PFR File, Tab 7 at 33. The agency did not charge the appellant with referencing any employee by name. IAF, Tab 29, Subtab 4a at 3. We agree with the administrative judge and agency management that the communications identified in specifications 1 and 2 specifically stated that they referred to a colleague and would have been inappropriate regardless of whom they were about. ID at 22, 177. We also reject the appellant's assertion that discussing a coworker's alleged affair on numerous occasions, as described in specification 5, was not inappropriate. PFR File, Tab 7 at 36. Although the appellant defends that other employees also discussed the alleged affair, the record reflects that the appellant brought it up repeatedly to his teammates and external stakeholders, and there is no evidence that others discussed the purported affair with the same frequency. ID at 185. Witnesses described the appellant as being "hung up" on the affair and stated that the appellant repeated the story several times despite being asked by the witnesses to stop talking about it. IAF, Tab 29, Subtab 4f at 367, 373. The appellant was verbally advised by management to stop talking negatively about other supervisors and other Federal Air Marshal (FAM) employees in or around February 2017.[8] *Id.* at 147-48. Many

---

[8] The appellant was also counseled in January 2016 to "attend to non-verbal cues when communicating with others, including his fellow [ ] team members." IAF, Tab 29, Subtab 4f at 354. The appellant argues on review that the subject of the counseling was

employees reported feeling uncomfortable working with the appellant and stated that his negativity did not support a harmonious work environment. *Id.* at 149, 374. A supervisor reported that the appellant's team did not function due to constant conflict between the appellant and others on the team. *Id.* at 150. Witnesses reported feeling intimidation and fear of harassment and retaliation from the appellant. *Id.* The deciding official testified that, although criticizing other employees is not always misconduct, that changes when it disrupts operations. ID at 188. We agree. Both read in isolation and in the context of the appellant's behavior over the preceding several years, we agree with the administrative judge that the specifications supporting charge 1 constitute inappropriate comments, and we find the appellant's assertions on review to be unpersuasive. ID at 174-87.

¶13     Regarding charge 2, misconduct during an investigation, we agree with the administrative judge's findings as to specification 1, and we supplement her analysis as to specifications 2 through 4. ID at 190-95. Specification 2 alleges that, following his September 20, 2017 investigative interview and signature to a nondisclosure agreement prohibiting him from discussing the investigation, IAF, Tab 29, Subtab 4h at 1, the appellant contacted retired FAMs S.S. and S.R. and Supervisory FAM S.M. about the investigation, *id.*, Subtab 4a at 7. The appellant admitted that he discussed the investigation with S.S. and S.R.; specifically, that he told them he saw J.L.'s name on the visitor's log where he reported for his offsite interview. *Id.*, Subtab 4f at 405. The appellant's assertion that he contacted these individuals prior to September 20, 2017, and prior to signing the nondisclosure agreement, PFR File, Tab 7 at 39-40, is unpersuasive and is

---

not inappropriate comments and, therefore, the administrative judge erred in finding that he was previously counseled for such conduct. PFR File, Tab 7 at 45. We disagree. Regardless of whether this counseling addressed any specific inappropriate comments, it cautioned the appellant against the types of behavior that he continued to engage in after January 2016. Team members averred that the appellant repeated rumors and often made remarks that they perceived to be inappropriate despite reporting the appellant's behavior to management and asking him to stop. IAF, Tab 29, Subtab 4f at 358-59, 367, 373.

unsupported by statements he made during the investigation, IAF, Tab 29, Subtab 4f at 405. The appellant did not learn that J.L.'s name was on the visitor's log until September 20, 2017, a topic that he admitted discussing with witnesses. *Id*. Moreover, the appellant did not dispute in his written reply to the proposed removal that he provided information about the investigation to S.S., S.R., and S.M. *Id.*, Subtab 4c at 5-6, 48-50. Rather, he defended his discussion of the investigation as "communicat[ing] with witnesses to advance his defense."[9] *Id*. at 6. For these reasons, in addition to those set forth in the initial decision, we find that the agency has presented strong evidence in support of specification 2. ID at 193-95. Specification 3 alleges that, after the appellant's investigative interview, he told another FAM, C.K., that the agency's Office of Inspection (OOI) was "coming after him." IAF, Tab 29, Subtab 4a at 7. This specification is supported by C.K.'s sworn statement.[10] *Id.*, Subtab 4f at 310-11. Specification 4 alleges that, after the OOI interview, the appellant contacted FAM D.M. and told him that OOI wanted the appellant to "rat" D.M. out and that OOI was "targeting" D.M. as a subject or witness of the investigation. *Id.*, Subtab 4a at 7. This specification is supported by D.M.'s sworn statement. *Id.*, Subtab 4f at 321.

¶14    Regarding specifications 5 and 6 of charge 2, the administrative judge found that the agency did not have strong evidence to support the specifications. ID at 195-99. These specifications therefore weigh against the agency in meeting its clear and convincing burden. On review, the appellant asserts that the agency was in possession of evidence that undercut specifications 5 and 6 but did not provide it to the deciding official and that this demonstrates that the deciding official was predisposed to sustaining the charges despite a lack of evidence to

---

[9] The record reflects that the appellant discussed the visitor's log and the OOI investigation with at least one additional employee who is not identified in the specifications. IAF, Tab 29, Subtab 4f at 365-67.

[10] C.K. also alleges in his statement that, after the appellant's initial contact with him on or around September 20, 2017, the appellant sent C.K. "intimidating messages" advising him to hire an attorney. IAF, Tab 29, Subtab 4f at 311.

support them. PFR File, Tab 7 at 42-43. We disagree. The appellant could have disputed these specifications in his lengthy response to the notice of proposed removal, but he did not. ID at 196, 198. The deciding official testified that, in sustaining the specifications, he relied, in part, on the appellant's failure to specifically deny them. ID at 196. However, the deciding official also pointed to at least some evidence in the record that, at the time, he believed supported the allegations. ID at 198. We therefore disagree with the appellant's assertion that the deciding official was predisposed to sustaining the charges regardless of the support for those charges. *See Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 30 (2011) (explaining that, when examining the strength of the agency's evidence, the Board will look at the evidence the agency had before it when it took the allegedly retaliatory action; however, if an agency fails to investigate a charge sufficiently before bringing an action, such a failure might indicate an improper motive). In short, although we disagree with the appellant's assertion that the circumstances surrounding specifications 5 and 6 demonstrate improper motive by the deciding official, for the reasons set forth above, we acknowledge that the lack of strong evidence in support of these specifications weighs against the agency and does not assist it in carrying its burden of proof.

¶15    Regarding charge 3, misuse of Government equipment, the appellant has provided no basis to disturb the administrative judge's well-reasoned credibility findings and her conclusion that it was more likely than not that the appellant engaged in the charged conduct. ID at 199-201; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at the hearing, and the Board may overturn such determinations only when it has sufficiently sound reasons for doing so). In sum, we agree with the administrative judge that the agency presented strong evidence in support of its three charges despite the absence of strong evidence to support two specifications. *See Ray v.*

*Department of the Army*, 97 M.S.P.R. 101, ¶ 28 (2004) (finding that the agency had very strong evidence to support its charge despite the administrative judge's failure to sustain some of the specifications), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006). This factor, therefore, weighs strongly in favor of the agency.

¶16    Regarding *Carr* factor 2, the agency's motive to retaliate, the administrative judge considered that the proposing and deciding officials may have had professional retaliatory motives based on the appellant's disclosures, litigation, and Congressional testimony. ID at 209-12. She agreed with the appellant that his protected whistleblowing was widely known and that he provided evidence and argument about it during the OOI investigation and in his response to the proposed removal. ID at 212. The appellant argues that the administrative judge undervalued the intensity of the agency's motive in this regard and asserts that the agency was "obsessed" with removing him. PFR File, Tab 7 at 46. We find that these claims are unsupported by the record. To the contrary, the record reflects that numerous peers complained about the appellant's conduct and communications and that the agency investigated those complaints as appropriate. *E.g.*, IAF, Tab 29, Subtab 4e at 802-04, Subtab 4f at 22-24, 147-48, 163-79. The appellant's contention that the agency subjected him to heightened scrutiny is also unsupported by the record. PFR File, Tab 7 at 60-61. We disagree, factually, that the appellant was subjected to heightened scrutiny and, to the extent the agency treated him differently in certain ways, we agree with the administrative judge, for the reasons set forth in the initial decision, that it was not based on retaliatory animus. ID at 147-49.

¶17    In any event, institutional or professional retaliatory motive is not the only relevant consideration under *Carr* factor 2. The administrative judge found no evidence that the proposing or deciding official had a personal motive to retaliate, and the appellant has provided no reason to disturb this finding. ID at 212. She found that, although the deciding official had at least some limited knowledge of the appellant's disclosures, none of the disclosures personally implicated either

the proposing or deciding officials and, further, there was no evidence that the deciding official had a relationship with anyone who was implicated in the appellant's disclosures. ID at 210-12. The appellant asserts on review that the administrative judge failed to consider J.L.'s retaliatory motive in reporting his misconduct that eventually led to his removal. PFR File, Tab 7 at 25-26, 63. As set forth above, because J.L. was not an agency official responsible for recommending discipline, the Board need not consider J.L.'s retaliatory motive. *See Carr*, 185 F.3d at 1326. In any event, J.L. was not the subject of the whistleblower disclosures at issue in this appeal, and the appellant has provided no credible evidence that she harbored animus toward him. Based on a careful weighing of this evidence, we find that the *Carr* factor 2 weighs marginally in favor of the appellant.

¶18    We next discuss *Carr* factor 3. The agency bears the burden of proving that it would have taken the same action in the absence of the appellant's protected activity. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015). While the agency does not have an affirmative burden to produce evidence concerning each and every *Carr* factor, when the agency has failed to introduce complete, fully explained comparator evidence, *Carr* factor 3 does not weigh in its favor. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 30; *see Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019). If either or both of the first two *Carr* factors do not support a finding that the agency would have taken the same personnel action absent the disclosure or protected activity, the agency's failure to present evidence of the third *Carr* factor may prevent it from carrying its overall burden. *Smith*, 2022 MSPB 4, ¶¶ 26-30; *see also Miller v. Department of Justice*, 842 F.3d 1252, 1259-63 (Fed. Cir. 2016). In her analysis of *Carr* factor 3, the administrative judge considered three potential comparators, including two identified by the appellant and one identified by the agency. ID at 212-16. We disagree with the administrative judge's finding that the agency's proffered comparator engaged in similar misconduct to the appellant.

ID at 215-16. Further, there is no evidence in the record reflecting whether the comparator is a whistleblower. ID at 213 n.17. Regarding the comparators proffered by the appellant, we agree with the administrative judge, for the reasons set forth in the initial decision, that they are not similarly situated to the appellant. ID at 212-15; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1373 (Fed. Cir. 2012) (explaining that relevant considerations in determining whether employees are similarly situated for the purpose of analyzing *Carr* factor 3 include the degree and type of misconduct, the similarity of the comparators' position to the appellant's, and whether the employees operated within the same chain of command). Under the circumstances of this case, we find that the agency has failed to introduce complete, fully explained comparator evidence, and *Carr* factor 3 therefore does not weigh in its favor.[11]

¶19      After considering each of the *Carr* factors, we agree with the administrative judge's conclusion that the agency's robust evidence in support of its charges strongly outweighs any marginal potential motive to retaliate and the lack of clear evidence presented by the agency regarding *Carr* factor 3. We therefore find that the agency has proved by clear and convincing evidence that it would have removed the appellant in the absence of his protected whistleblowing.

¶20      We next address the appellant's procedural arguments. The appellant asserts that the administrative judge erred by denying his request for a rebuttal

---

[11] We have considered the appellant's assertions that other employees who engaged in similar misconduct were not investigated by the agency. PFR File, Tab 7 at 48. He points to individuals who posted what appear to be inappropriate comments to the Flying Pigs Facebook page. *Id.* However, agency investigators testified, and the appellant does not dispute, that many of the posts concerned former agency employees, unlike the appellant's posts, which concerned current agency employees. ID at 28; PFR File, Tab 7 at 31, 48. The appellant has not provided evidence that the individuals he alleges to have engaged in inappropriate conduct during an investigation were under investigation or signed a nondisclosure agreement like the one the appellant was charged with violating. PFR File, Tab 7 at 48. In addition, there is no evidence that the conduct of any other employee generated complaints by peers like the appellant's conduct did. In sum, we find that the agency has clearly and convincingly explained any differences in its treatment of these employees. ID at 28; *see Whitmore*, 680 F.3d at 1373.

witness to testify at the hearing and by denying his request to depose the agency's Chief Counsel. PFR File, Tab 7 at 62, 64-65. An administrative judge has wide discretion under the Board's regulations to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014); *see* 5 C.F.R. § 1201.41(b)(8), (10). The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). The agency has asserted, and the appellant has not disputed, that in lieu of a deposition, the administrative judge permitted the appellant to serve 20 interrogatories on the agency's Chief Counsel. PFR File, Tab 14 at 48. The appellant has not explained why the permitted interrogatories were insufficient. As to the appellant's request to call rebuttal witness, D.K., the appellant has provided no basis on review to disturb the administrative judge's finding that the proffered testimony was not relevant, and we therefore find that the appellant has failed to prove that the administrative judge abused her discretion. PFR File, Tab 7 at 62.

¶21 Regarding the appellant's motion to compel discovery, the administrative judge concluded that the request at issue sought information that was not relevant or probative to the issues on appeal. W-2 AF, Tab 15 at 3-4. We agree. The appellant sought information about prior misconduct allegations against J.L. PFR File, Tab 7 at 63. As we have discussed extensively, the Board need not consider J.L.'s purported retaliatory motive. In any event, we find that the administrative judge did not abuse her discretion in finding that J.L.'s past disciplinary record, if any, is not relevant to her purported retaliatory motive against the appellant. W-2 AF, Tab 15 at 3-4. Regarding the administrative judge's denial of the appellant's request to submit a post-hearing brief in lieu of an oral closing statement, which the agency opposed, W-2 AF, Tab 86 at 4, Tab 89, the appellant asserts on review that he did not have time to address all of his arguments before

the administrative judge, PFR File, Tab 7 at 65-66. We find that the administrative judge did not abuse her discretion in denying the appellant's request to submit a post-hearing brief. *See Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 (2012) (explaining that administrative judges have wide discretion to regulate the proceedings before them and such rulings ordinarily will not be reversed absent a showing of abuse of discretion). In any event, the Clerk of the Board granted the appellant's request to file an expanded petition for review, and we have addressed each of his arguments raised therein. PFR File, Tab 6.

¶22    We acknowledge that the amicus briefs filed in this case raise arguments in addition to those previously discussed in this order, including some not raised by the appellant in his petition for review. PFR File, Tabs 17-18. We have considered those arguments and find that they do not warrant a different outcome. Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:
*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.